**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAREN STRATFORD, Individually and as Administrator of the Estate of Cleo J. Beaver<br><br>Plaintiff,<br><br>v.<br><br>COMPU-LINK CORP.<br><br>and<br><br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT<br><br>Defendants. | CIVIL ACTION<br><br>Case No. |

**COMPLAINT – CIVIL ACTION**

**JURY DEMANDED**

Plaintiff Karen Stratford through counsel, brings this action against Defendants Compu-Link Corporation and Secretary of Housing and Development avers the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff Karen Stratford ("Plaintiff" or "Ms. Stratford") brings this action individually and as Executor of the Estate of her mother Cleo J. Beaver ("Ms. Beaver") against mortgage servicer Compu-Link Corporation ("Compu-Link") and the Secretary of Housing and Urban Development ("HUD") (collectively, "Defendants") for their actions in taking Ms. Beaver's home through non-judicial foreclosure sale after her death.

2. In an attempt to collect on the reverse mortgage loan on the home, HUD through its servicer Compu-Link made material misrepresentations about the loan and HUD's intentions

to foreclose on the loan through the customary judicial procedure used in Pennsylvania, when in fact Defendants knew that the home would be sold through an expedited non-judicial sale with only a few weeks' notice.

3. Ms. Stratford relied on Defendants' false and misleading representations about the loan, the procedure to foreclose, and her right to pay off the loan prior to sheriff sale, which caused her to miss her chance to save her home from the non-judicial foreclosure sale.

4. If Ms. Stratford had been properly informed about the process by which her house would be foreclosed, she and her family could have obtained funding in time to save her home, which HUD now claims to own after a non-judicial foreclosure sale to itself on December 11, 2024.

5. Through this lawsuit, Ms. Stratford seeks to void the recorded deed to HUD and restore title to herself as administrator and heir of Ms. Beaver, as well as recover damages from Compu-Link for its misrepresentations about the loan and the procedure to foreclose on it, and its failure to advise her of available options to save her home.

## II. JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1346(f) because Plaintiff's claim against HUD for quiet title arises under 28 U.S.C. § 2409a, and under 28 U.S.C. § 1367(a) because Plaintiff's state law claims against Compu-Link are so related to the quiet title claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this district because Plaintiff resides in this district and the property that is the subject of the action is situated in this district, 28 U.S.C. §§ 1391(b)(2), 1402(d).

## III. PARTIES

9. Plaintiff Karen Stratford ("Ms. Stratford") is a resident and former equitable owner of 7961 Woolston Ave., Philadelphia, PA 19150 ("the Property").

10. Ms. Stratford is also an heir and the Administrator of the Estate of her mother Cleo J. Beaver ("Ms. Beaver"), who owned the Property from 1970 until her death on September 27, 2021.

11. Defendant Compu-Link Corp. ("Compu-Link") is a corporation in the state of Michigan with a principal place of business located at 3900 Capital City Blvd., Lansing, MI 48906.

12. Defendant Secretary of Housing and Urban Development ("HUD") is a government agency with a Regional Office located at 801 Market Street, 12th Floor, Philadelphia, PA 19107.

## IV. FACTUAL AVERMENTS

7. Ms. Stratford's mother Cleo J. Beaver, then known as Cleo Bates, bought the Property on August 14, 1970, as trustee for Ms. Stratford, then known as Karen C. Bates. Ms. Stratford was in middle school at the time.

8. Ms. Stratford, who is now 70 years old, first moved into the Property as a child, when her mother bought it in 1970.

9. In 2012, Ms. Beaver deeded the Property to herself individually and took out a HUD-insured home equity conversion mortgage (HECM) loan, otherwise known as a reverse mortgage loan, on the Property from Nationwide Equities Corporation ("the HECM loan").

10. The HECM loan was assigned to HUD in 2018.

11. Ms. Stratford took care of her mother in the Property in Ms. Beaver's final years.

12. Ms. Beaver passed away on September 27, 2021, leaving her daughter Ms. Stratford as her only heir.

13. Ms. Stratford continued living at the home with her daughter and disabled son.

14. At the time Ms. Beaver passed away, NOVAD was servicing agent for HUD.

15. Ms. Stratford notified NOVAD that Ms. Beaver had passed away, and asked for information about the HECM loan, but never received any response.

<u>Compu-Link's Misleading Pre-Foreclosure Notice</u>

16. On June 18, 2024, HUD's servicer Compu-Link sent a "Notice of Intent to Foreclose and Accelerate Mortgage Balance" ("the Pre-Foreclosure Notice") to the Property by certified mail, claiming that the HECM loan was in default because Ms. Beaver had died, and that her estate could cure the default within thirty days by paying $191,918.21. A copy of the Pre-Foreclosure Notice is attached hereto as Exhibit A.

17. The Pre-Foreclosure Notice stated: "If you do not cure the default with THIRTY (30) DAYS…*we intend to exercise our right to accelerate the mortgage payments*." It went on to explain:

> If full payment of the amount of default is not made within THIRTY (30) DAYS, *we also intend to instruct our attorneys to start a lawsuit to foreclose your mortgaged property. If the mortgage is foreclosed, your mortgaged property will be sold by the Sheriff to pay off the mortgage debt.*
> […]
>
> We may also sue you personally for the unpaid balance and all other sums due under the mortgage.
> […]
>
> If you have not cured the default within the thirty-day period and foreclosure proceedings have begun, you still have the right to cure the default and prevent the sale at any time up to one hour before the Sheriff's foreclosure sale.

(Ex. A, emphasis in original.)

18. The Pre-Foreclosure Notice contained no fewer than six references to a Sheriff sale. (Ex. A.)

19. Intending to qualify to pay off the HECM loan and to save the family home, Ms. Stratford contacted HUD's FHA Help Desk, which referred her to Compu-Link, and to Compu-Link's attorneys at KML Law Group, PC ("KML").

20. Ms. Stratford told HUD, Compu-Link, and KML that she wanted to keep the Property and pay off the HECM loan, and requesting information about the HECM loan.

21. Upon information and belief, KML was acting as HUD's Foreclosure Commissioner and as agent for Compu-Link in seeking to collect on the HECM loan.

22. HUD's regulations for HECM loans prescribe that the borrower's heirs may pay off the loan for the full loan balance or 95% of the property's appraised value, whichever is less. 24 C.F.R. § 206.125.

23. Neither HUD, its servicing agent Compu-Link, nor its attorneys at KML informed Ms. Stratford of her right to pay off the HECM loan for 95% of the Property's appraised value.

24. In fact, neither HUD, its servicing agent Compu-Link, nor the attorneys at KML would give Ms. Stratford any information about the loan or HUD's prescribed procedures for paying it off, beyond insisting that the whole debt would have to be paid.

25. Ms. Stratford sought help saving the Property from "Wirk Group," which she found online. She consulted with someone she believed to be an attorney, "Carl," who advised her that HUD would have to follow Pennsylvania foreclosure procedure before it could take the Property from her.

26. Based on the Pre-Foreclosure Notice, Ms. Stratford reasonably expected that HUD would follow the standard procedure for residential mortgage foreclosures in Pennsylvania.

27. Foreclosure actions in Pennsylvania are generally governed by Pennsylvania Rules of Civil Procedure 1141 to 1150, and execution on foreclosure judgments is by sheriff sale pursuant to Rules of Civil Procedure 3180 to 3183.

28. Since 2008, foreclosures on owner-occupied properties in Philadelphia have also been subject to Joint General Court Regulation No. 2008-01[1], which set up the Mortgage Foreclosure Diversion Program.[2]

29. Under Joint General Court Regulation No. 2008-01, when a mortgagee files a foreclosure involving an owner-occupied residential property, it must designate it as such. The Clerk's office then administratively issues a Case Management Order scheduling the case for a Conciliation Conference and instructs the homeowner to call the Save Your Home Philly Hotline to schedule an appointment with a housing counselor.

30. Section 4(f) of Joint General Court Regulation No. 2008-01 and the case management orders issued by the Court for owner-occupied foreclosures prevent the plaintiff from requesting entry of a judgment by default "until such time as the Court permits in an order following one or more Conciliation Conferences."

31. The Mortgage Foreclosure Diversion Program provides homeowners with connections to housing counselors and in some cases legal representation, under the oversight of the Court at conciliation conferences. By doing so, it affords homeowners opportunities to apply for assistance and work out the mortgage delinquency to the foreclosure before judgment may be entered or sheriff sale scheduled.

<u>Ms. Stratford's Efforts to Save the Property from Foreclosure</u>

---

[1] https://www.courts.phila.gov/pdf/regs/2008/cpjgcr-2008-01.pdf

[2] https://www.courts.phila.gov/pdf/forms/civil/Residential-Mortgage-Foreclosure-Diversion-Program-Materials.pdf

32. After receiving the Pre-Foreclosure Notice in June 2024, Ms. Stratford called the HUD Help Desk and followed up with an email to a HUD representative as they instructed.

33. Ms. Stratford repeatedly contacted the HUD Help Desk over the next few months, and was told that her case had been escalated to Compu-Link. Upon information and belief, some of the people she spoke with on these calls were Compu-Link employees, acting as agents of HUD.

34. Ms. Stratford repeatedly stated her intention to keep the property and pay off the HECM loan, and requested additional time to do so.

35. As instructed by the HUD Help Desk, Ms. Stratford emailed a letter of intent to Compu-Link and waited for Compu-Link to call her back, but it never did.

36. HUD recorded a Notice of Sale of the Property on September 26, 2024, scheduling a nonjudicial foreclosure sale pursuant to the Single Family Mortgage Foreclosure Act of 1994 ("SFMFA"), 12 U.S.C. 3751 et seq..

37. Although HUD claims to have sent a copy of the Notice of Sale to Ms. Stratford, she did not understand that the Property was to be sold by an employee of KML outside City Hall on December 11, 2024.

38. The non-judicial foreclosure sale procedure utilized by HUD and its foreclosure commissioner KML did not involve the Court of Common Pleas or the Sheriff, despite its statements in the Pre-Foreclosure Notice.

39. On October 29, 2024, Ms. Stratford call the HUD Help Desk and spoke with a supervisor who told her that her home would be "removed from foreclosure" while she worked to pay off the mortgage. This conversation left her feeling very relieved.

40. Expecting that she would have the time and protection of the regular mortgage

foreclosure process in Philadelphia, Ms. Stratford paid $450 for an appraisal of the Property on November 1, 2024, which valued it at $157,000. A copy of the appraisal is hereto attached as Exhibit B.

41. Shortly after Ms. Stratford obtained the appraisal, she contacted HUD's FHA Help Desk and a representative from HUD said that they would work with her, send their own appraiser to figure out the value of the Property, and that they would remove the Property from foreclosure during the process, which reassured her.

42. Although Ms. Stratford emailed a copy of the appraisal to HUD via their attorneys at KML, she did not hear from HUD or Compu-Link about any follow-up steps.

43. Despite HUD guidelines which instruct HECM servicers to conduct their own appraisal of the Property when heirs propose paying off a HECM for less than the full balance, Compu-Link never arranged to do an appraisal of the Property.

44. On December 5, 2024, Ms. Stratford paid the Philadelphia Register of Wills hundreds of dollars to open Ms. Beaver's estate and to obtain letters of administration. See Exhibit C.

45. When Ms. Stratford obtained the appraisal and letters of administration, she relied on Compu-Link's misrepresentations about the foreclosure process and did not understand that the Property was scheduled for non-judicial sale on December 11, 2024.

46. Relying on Defendants' misrepresentations about the foreclosure process, Ms. Stratford paid "Wirk Group" at least $4,000 in and around December 2024 for credit repair and foreclosure prevention services, including the drafting of a "Qualified Written Request" for information about the mortgage.

47. Despite Compu-Link's statements in the Pre-Foreclosure Notice that it would

instruct its attorneys to file foreclosure and that the debt could be paid up until the day of sheriff sale, no foreclosure was ever filed in court, and no sheriff sale of the Property ever occurred.

48. Despite HUD and Compu-Link's reassurances that they were working with Ms. Stratford and that the Property would be removed from foreclosure while she went through the process to refinance it, the non-judicial sale date was not postponed.

49. Instead, upon information and belief, on December 11, 2024, KML as HUD's designated Foreclosure Commissioner sold the Property to HUD in a non-judicial foreclosure for $199,215.88.

50. On December 27, 2024, KML executed a deed to HUD which was recorded on January 7, 2025. A copy of the deed is hereto attached as Exhibit D.

51. On January 16, 2025, HUD filed an ejectment action against Ms. Stratford in the Philadelphia Court of Common Pleas, captioned *Secretary of Housing and Urban Development v. Unknown Heirs of Cleo Barnes*, docket number 250101805 ("the State Court Ejectment").

52. Ms. Stratford did not understand that the Property had been sold to HUD until she received Plaintiff's Motion for Writ of Possession in the State Court Ejectment in early June 2025.

53. Upon receiving the Motion for Writ of Possession, Ms. Stratford sought assistance from "EvictShield", paying $1,500 for their advice to save her home.

54. In fear of losing her home, Ms. Stratford filed a pro se Chapter 13 bankruptcy in the Eastern District of Pennsylvania Bankruptcy Court on June 11, 2025, #25-12330-amc ("the Chapter 13 Bankruptcy"), which required her to pay a $313 filing fee.

Ms. Stratford Has Suffered Damages as a Result of Compu-Link's Conduct

55. As a result of Defendants' conduct, Ms. Stratford has experienced emotional

distress and economic losses.

56. Ms. Stratford suffered shock and fear at Defendant's Compu-Link's demands for over $190,000 to pay off the mortgage debt on a home that was worth less than $157,000, and its threats to collect that amount from her personally.

57. Compu-Link's failure to advise Ms. Stratford that she could avoid foreclosure by paying 95% of the Property's appraised value made her unable to obtain financing to save the home from foreclosure, and caused her to reasonably fear losing her home.

58. At the same time, Compu-Link's statements of intent to file a judicial foreclosure and take the property to sheriff sale falsely reassured Ms. Stratford that there would be opportunities to save her home throughout the lengthy process afforded by Pennsylvania and Philadelphia procedure.

59. As a result of Defendants' misrepresentations, Ms. Stratford has lost ownership of the property.

60. As a result of Defendants' misrepresentations, Ms. Stratford has suffered from anxiety, depression, and difficulty sleeping.

61. As a result of Defendants' misrepresentations, Ms. Stratford, who is a disabled senior citizen caring for a disabled adult son, now lives in fear of losing their home.

62. As a result of Defendants' misrepresentations, Ms. Stratford incurred expenses including the fees for the letters testamentary, appraisal of the Property, and the Chapter 13 Bankruptcy, and money paid to "Wirk Group" and "EvictShield" to avoid the loss of her home.

63. Ms. Stratford and her family are applying for financing and should be able to buy the Property back from HUD for the price they should have been permitted to pay under HUD regulations before it went to non-judicial sale. See 24 C.F.R. § 206.125.

**COUNT I – COMPU-LINK'S VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL")**

64. Plaintiff incorporates the previous allegations by reference.

65. The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 et seq., prohibits any "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" in the conduct of trade or commerce. 73 P.S. §§ 201-3, 202-2(4)(xxi).

66. Residential mortgage servicing and collection is a form of "trade" or "commerce" covered by the UTPCPL.

67. Defendant Compu-Link engaged in deceptive conduct which created the likelihood of confusion or misunderstanding regarding the HECM Loan, including but not limited to the following:

a. Falsely representing that payment of the full loan balance was required to save the property from foreclosure, even though HUD regulations applicable to the loan permitted heirs to pay off the loan for 95% of the appraised balance;

b. Falsely threatening to sue Ms. Stratford personally for the mortgage debt, when the HECM Loan was a non-recourse loan and Ms. Stratford had no personal liability on it;

c. Falsely stating that Compu-Link and HUD were going to file a foreclosure lawsuit, which would have afforded Ms. Stratford substantial procedures and protections, when in fact they intended to list the house for sale through a streamlined non-judicial foreclosure process; and

d. Falsely stating that Ms. Stratford could save the property from being sold at any time up to an hour before sheriff sale, when instead it chose to follow a non-judicial foreclosure process that did not involve a sheriff sale at all.

68. Compu-Link used false, deceptive and misleading representations in connection with the collection of the HECM loan by demanding payment of the full loan amount of over $190,400.01, which greatly exceeded the fair market value of the Property, while failing to advise Ms. Stratford of her right to pay off the HECM loan for 95% of its appraised value.

69. Compu-Link used false, deceptive and misleading representations in connection with the collection of the HECM loan by stating in its Pre-Foreclosure Notice that HUD and Compu-Link would follow regular Pennsylvania foreclosure procedures including the filing of a lawsuit and scheduling the Property for a sheriff sale, which they did not intend to do.

70. Compu-Link used false, deceptive and misleading representations in connection with the collection of the HECM loan by threatening in its Pre-Foreclosure Notice to sue Ms. Stratford personally to collect the debt, even though it was a non-recourse loan and she had no personal liability on it.

71. When Ms. Stratford, in an effort to retain the Property, obtained letters testamentary for her mother's estate, and commissioned an appraisal of the Property, she reasonably relied on Compu-Link's misrepresentations in the Pre-Foreclosure Notice about the foreclosure procedure it intended to follow and what she must do to avoid foreclosure.

72. Ms. Stratford reasonably relied on Compu-Link's misrepresentations about the required payoff amount and the amount of time she had to save the Property in not paying off the HECM loan prior to losing it to non-judicial sale on December 11, 2024, because she could not borrow $190.400.01 for a property worth than $157,000.

73. Compu-Link's claims in the Pre-Foreclosure Notice that Ms. Stratford had to pay the full loan amount to avoid the loss of her home and that it would sue her personally for the debt mischaracterizes the amount and character of the debt, is misleading, and caused her to suffer emotional distress including the fear of losing her home and being sued for money she could not pay. This fear has aggravated her anxiety and depression and caused sleeplessness.

74. Compu-Link's false and deceptive statements in its Pre-Foreclosure Notice also caused Ms. Stratford to lose her home to non-judicial foreclosure, because it led her into the reasonable belief that Compu-Link and HUD would file a foreclosure case in court and follow the usual procedures in taking the property to sheriff sale before she could be divested of her ownership interest.

75. Indeed, Compu-Link's misleading statements frustrated Ms. Stratford's ability to make a well-reasoned decision as to how best to address the alleged debt and the foreclosure action predicated on the debt, whether by dealing with Compu-link directly, retaining a lawyer, filing for bankruptcy, or attempting to pay the loan off.

76. As a result of Compu-Link's conduct, Ms. Stratford lost the opportunity to file an injunction to prevent the sale of her home.

77. As a result of Compu-Link's conduct, Ms. Stratford lost the opportunity to file for bankruptcy to save the home.

78. As a result of Compu-Link's conduct, Ms. Stratford lost the opportunity to refinance the loan to save the home.

79. Ms. Stratford has suffered an "ascertainable loss of property" within the meaning of 73 P.S. § 201-9.2(a), in that she has lost the legal right to occupy her home, and her ownership interest in it. She has incurred costs, including the cost of obtaining letters testamentary.

80. For Compu-Link's violations of the UTCPL, Ms. Stratford is entitled to a trebling of the above-stated damages, plus attorneys' fees and costs, as provided by 73 P.S. § 201-9.2(a), and any other relief the Court deems proper.

WHEREFORE, Plaintiff Karen Stratford, individually and as Executor of the Estate of Cleo J. Beaver, respectfully requests that judgment be entered in her favor and that the Court award her the following, pursuant to 73 P.S. § 201-9.2(a):

A. Actual damages;

B. Treble damages;

C. Reasonable attorneys' fees and costs; and

D. Any other relief the Court deems just and proper.

**COUNT II – COMPU-LINK'S VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA")**

81. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

82. Compu-Link engaged in unfair or deceptive debt collection activity and practices in violation of the FCEUA, 73 P.S. §§ 2270.1, et seq., including but not limited to using "false, deceptive or misleading representation or means in connection with the collection of any debt." collection of any debt. 73 P.S. § 2270.4(5)

83. As described above, Compu-Link's Pre-Foreclosure Notice demanded payment of the full loan amount to save the Property from foreclosure, even though HUD regulations required it to allow Ms. Stratford to pay off the HECM loan for 95% of the Property's appraised value, which would have been much less, in violation of 73 P.S. § 2270.4(5)(ii).

84. As described above, Compu-Link falsely threatened to file foreclosure when it knew that it would instead take the Property to non-judicial foreclosure, in violation of 73 P.S. § 2270.4(5)(v).

85. A violation of the FCEUA is a per se violation of the UTPCPL. 73 P.S. §§ 201-1, et seq.

86. Ms. Stratford reasonably relied on Compu-Link's misrepresentations about the HECM Loan in obtaining testamentary letters and an appraisal, and in not taking action to stop the non-judicial sale of the Property that occurred on December 11, 2024.

87. As a result of Compu-Link's conduct, Ms. Stratford has been damaged and has suffered ascertainable loss of money or property because she has incurred expenses related to her efforts to pay the higher payoff demanded by Defendants, and she has lost her ownership interest in her home.

88. Under the FCEUA, the Plaintiff is entitled to treble damages, reasonable attorneys' fees and costs, and any other relief the Court deems proper.

**WHEREFORE,** Plaintiff Karen Stratford, individually and as Executor of the Estate of Cleo J. Beaver, respectfully requests that judgment be entered in her favor and that the Court award her the following pursuant to 73 P.S. § 201-9.2(a):

A. Actual damages;

B. Treble damages;

C. Reasonable attorneys' fees and costs; and

D. Any other relief the Court deems just and proper.

**<u>COUNT III: COMPU-LINK'S NEGLIGENT MISREPRESENTATIONS</u>**

89. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

90. As the servicer of a reverse mortgage subject to HUD's servicing requirements, Compu-Link owed Ms. Stratford and the Estate of Ms. Beaver a duty of care to administer the loan accurately and to convey accurate information about it to Ms. Stratford individually and as administrator of the Estate.

91. At the time Compu-Link sent the Pre-Foreclosure Notice in June 2024, it knew or should have known that HUD intended to take the Property to non-judicial foreclosure without court or sheriff involvement, yet its Pre-Foreclosure Notice stated an intention to file a regular judicial foreclosure and promised Ms. Stratford that she could cured the mortgage delinquency up to one hour before a sheriff sale.

92. Upon information and belief, even after the nonjudicial foreclosure sale was scheduled for non-judicial foreclosure sale, Compu-Link employees told Ms. Stratford that the Property would be removed from foreclosure while she worked on refinancing, and did not explain that the house was to be sold on December 11, 2024.

93. Ms. Stratford justifiably relied on Compu-Link's misrepresentations, conveyed in their Pre-Foreclosure Notice and over the phone, that she would have the protections of the judicial foreclosure process and time to refinance out of the HECM loan before the Property could be sold out from under her.

94. Ms. Stratford was harmed by her reliance on Compu-Link's misrepresentations by losing ownership of her home to non-judicial foreclosure on December 11, 2024 while she was trying to refinance out of the HECM loan.

95. Ms. Stratford was further harmed by her reliance on Compu-Link's misrepresentations by the costs she incurred to try to save her home both before and after the non-judicial foreclosure sale.

96. As a result of Ms. Stratford's reliance on Compu-Link's misrepresentations, she has suffered damages including but not limited to shock, stress, anxiety, and other physical and emotional distress associated with living in fear of losing her home, and the costs associated with trying to save her home, including the payments she made for the appraisal, the letters of administration, the Chapter 13 Bankruptcy filing, and to "Wirk Group" and "EvictShield."

97. Compu-Link's conduct in misrepresenting HUD's plans to foreclose on the HECM loan was outrageous and performed with reckless indifference to Ms. Stratford's legal rights to accurate information about the mortgage.

98. Because Compu-Link's misrepresentations were so reckless and outrageous, Ms. Stratford is entitled to actual and punitive damages.

**WHEREFORE,** Plaintiff Karen Stratford, individually and as Executor of the Estate of Cleo J. Beaver, respectfully requests that judgment be entered in her favor and that the Court award her actual and punitive damages, and any other relief the Court deems just and proper.

## COUNT IV: QUIET TITLE AGAINST DEFENDANT HUD

99. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

100. Plaintiff seeks to Quiet Title to the Property pursuant to the federal Quiet Title Act, 28 U.S.C. § 2409a. Plaintiff seeks a declaration that she, not Defendant HUD, is the rightful owner of the Property.

101. The property in question is 7961 Woolston Ave., Philadelphia, PA 19150 ("the Property"). A complete legal description of the Property is attached hereto as Exhibit E.

102. The Property was owned by Ms. Stratford's mother, Cleo J. Beaver ("Ms. Beaver"), at the time she passed away on September 21, 2021.

103. Ms. Stratford is the Administrator of Ms. Beaver's estate and the sole heir to the Property.

104. Under 20 Pa. C.S.A. § 301(b), legal title to the Property passed to Ms. Stratford at Ms. Beaver's death.

105. Ms. Beaver's death was an event of default on the HECM loan held by HUD on the Property.

106. Through the communications of its agents Compu-Link and KML, HUD misled Ms. Stratford into believing that it would follow the standard judicial procedure for residential mortgage foreclosure in Pennsylvania, when in fact it had fast-tracked the Property for non-judicial sale under the Single Family Mortgage Foreclosure Act of 1994 ("the SFMFA"), 12 U.S.C. 3751 *et seq*.

107. HUD, through its servicing agent Compu-Link and its counsel KML, made representations in its Pre-Foreclosure Notice indicating that it was going to accelerate the loan, file foreclosure and take the Property to sheriff sale, and that Plaintiff could save her home at any point in the foreclosure process up to one hour before sheriff sale.

108. By doing so, and by failing to advise Ms. Stratford of her right to pay off the HECM for 95% of the Property's appraised value under 24 C.F.R. § 206.125, HUD deprived Ms. Stratford of the opportunity to save her family home from foreclosure.

109. Defendants could reasonably expect Plaintiff to rely on its promises in trusting that her home would not be sold without going through the judicial foreclosure process, and without her having the opportunity to cure the default up to one hour before sheriff sale.

110. Plaintiff did in fact rely on Defendants' promises in obtaining letters testamentary, commissioning an appraisal of the Property and working with her family to obtain financing to pay off the loan, not realizing that her time to do so would run out without HUD ever commencing a foreclosure action under Pennsylvania rules of civil procedure.

111. HUD's conduct constitutes a violation of the duty of good faith and fair dealing implicit in every contract in Pennsylvania, including the mortgage contract.

112. Injustice can be avoided only by permitting Plaintiff to regain ownership of the Property from Defendant.

113. Defendant HUD claims to be the owner of the Property pursuant to a deed executed by its Foreclosure Commissioner HOF on December 27, 2024 and recorded with the Philadelphia Recorder of Deeds on January7, 2025. See Exhibit D.

114. Upon information and belief, Defendant HUD is not a "bona fide purchaser" of the Property under 12 U.S.C.A § 3752 (1) because it did not transfer any value in exchange for the Property, and it did not purchase the Property "in good faith" because it misled Plaintiff into a reasonable belief that it would follow the regular procedures for judicial foreclosure in Pennsylvania, including a sheriff sale, and that she had to pay more than the fair market value of the Property to pay off the HECM, neither of which was true.

115. For the above-listed reasons, the recorded deed to HUD should be voided, and title to the Property should be restored to the Estate of Cleo J. Beaver or to Plaintiff Karen Stratford as heir of the Estate.

**WHEREFORE,** Plaintiff Karen Stratford respectfully requests that the Court enter judgment as follows:

A. Declaring that Plaintiff is the rightful owner of the Property;

B. Voiding Defendant's deed to the Property recorded on January 7, 2025; and

C. Granting such further relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ *Rachel Labush*_______
Rachel Labush, PA ID No. 200285
COMMUNITY LEGAL SERVICES
100 N. 18th St., Suite 3400
Philadelphia, PA 19103
215-981-3739
rlabush@clsphila.org

/s/ *Tiffany Thornton*
Tiffany Thornton, PA ID No. 315242
COMMUNITY LEGAL SERVICES
100 N. 18th St., Suite 3400
Philadelphia, PA 19103
215-981-3756
tthornton@clsphila.org
*Counsel for Plaintiff*